IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICKEY GENE YOUNG, | ) | |
| | ) | |
| Appellant, | ) | Case No. 4:16-cv-00016 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | By: Hon. Jackson L. Kiser |
| VETERANS AFFAIRS, et al., | ) | Senior United States District Judge |
| | ) | |
| Appellees. | ) | |

This matter is before the court on Appellant Rickey Gene Young's appeal of the Bankruptcy Court's dismissal of his Chapter 7 voluntary petition for bankruptcy and 180-day prohibition on refiling in the bankruptcy court. The matter was fully briefed by the parties, and I heard oral arguments on September 20, 2016. For the reasons stated herein, the decision of the Bankruptcy Court will be reversed and this matter will be remanded to the bankruptcy court for further proceedings.

I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Appellant Rickey Gene Young ("Young") filed a Chapter 7 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Western District of Virginia on February 29, 2016.[1] [See ECF No. 1-4.] On the same date, Young filed an Application for Individuals to Pay the Filing Fee in Installments, which requested leave to pay the $335.00 filing fee in three separate installments between March 22, 2016, and May 23, 2016. [See ECF No. 4, pg. 20.] On February 29, Judge Paul M. Black entered an Order informing Young:

---

[1] Young also filed two adversary proceedings on the same date: one against John Doe, and the second against Appellee United States Department of Veterans' Affairs ("Appellee").

> The administrative notice fee has not been paid in the amount of Seventy-five Dollars ($75.00). Cases filed electronically are to be paid by debit or credit card. Cases filed *pro se* must be paid by cash, cashier's check or money order only, payable to Clerk, U.S. Bankruptcy Court.

[ECF No. 4, pg. 60.] Young was informed "that failure to cure said deficiency(ies) within fourteen (14) days . . . may result in dismissal of the case without further notice or hearing." (Id.)

On the same day, Judge Black entered an Order granting Young's application to defer paying the filing fee. [See ECF No. 4, pg. 61.] Although Young requested to pay the fee in installments, Judge Black ordered that Young pay the filing fee in full "within thirty (30) days after the first meeting of creditors." (Id.)

Young's administrative notice fee was due on March 14, 2016, but was not paid. On March 15, Judge Black dismissed Young's petition *sua sponte*. [See ECF No. 4, pg. 159–60.] He additionally barred Young from "refiling in this Court for a period of 180 days," given Young's history of abandoning, dismissing, or failing to comply with the bankruptcy court rules and orders in both the Western District of Virginia and the Western District of Tennessee. Judge Black recounted five prior Virginia cases that were either dismissed voluntarily by Young or dismissed on the Trustee's motion, all within six months of being filed. Judge Black also recounted three Tennessee cases that were dismissed on the trustee's motions, the last of which resulted in a 180-day bar to filing in that court imposed against Young.

On March 30, 2016, Young filed a Bankruptcy Notice of Appeal in this Court. [ECF No. 1.] He amended his Notice of Appeal on April 8, 2016. [ECF No. 2.] Both parties filed briefs [ECF Nos. 9, 11], and I heard arguments on September 20, 2016. The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

On appeal, a district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. See United States Dep't of Health & Human Servs. v. Smitley, 347 F.3d 109, 115–16 (4th Cir. 2003); Three Sisters Partners, LLC v. Harden, 167 F.3d 843, 847 (4th Cir. 1999). A bankruptcy court's finding of fact is "'clearly erroneous' when 'it is not supported by substantial evidence,' is 'contrary to the clear preponderance of the evidence' or, in a somewhat different vein, is 'based upon an erroneous view of the law.'" In re Jolly, 143 B.R. 383, 385 (E.D. Va. 1992).

## III. DISCUSSION

The threshold issues are: (a) did the Bankruptcy Court have the authority, pursuant to 11 U.S.C. § 105(a), to dismiss Young's case without notice or a hearing for nonpayment of fees; and, if it did, (b) did the Bankruptcy Court reasonably exercise that power on the facts presented? The first question is one of law that is reviewed *de novo*; the second, which concerns application of law to facts, is reviewed for clear error.

A bankruptcy court has the "inherent power . . . to sanction 'abusive litigation practices,'" Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375–76 (2007), but, "in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." Law v. Siegel, 134 S. Ct. 1188, 1194 (2014). Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). "Section 105 'provides a bankruptcy court with statutory contempt powers . . . .'" In re Eldorado Canyon Properties, LLC, 505 B.R. 601, 604 (B.A.P. 1st Cir. 2014) (quoting Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 445 (1st Cir. 1990)). "[These] powers include 'discretionary *sua sponte*
- 3 -

dismissals.'" Id. (quoting In re Gonic Realty Trust, 909 F.2d 624, 626 n.1 (1st Cir. 1990)). This provision has been held to authorize a bankruptcy court to dismiss a case without notice or hearing for, *inter alia*, failure to provide requested information to the trustee by a certain date, see, e.g., In re Wheeler, 323 B.R. 758, 765 (Bankr. W.D. Wash. 2005), and to sanction debtors who attempt to utilize the bankruptcy court in bad faith, see, e.g., In re Keebler, 106 B.R. 662, 663–64 (Bankr. D. Haw. 1989).

Young filed his voluntary petition under Chapter 7 of the Bankruptcy Code. Chapter 7 contains the following provision:

> (a) The court may dismiss a case under this chapter **only after notice and a hearing and only for cause**, including—
>   1) unreasonable delay by the debtor that is prejudicial to creditors;
>   2) **nonpayment of any fees or charges** required under chapter 123 of title 28; and
>   3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion of by the United States trustee.

11 U.S.C. § 707(a) (2016) (emphasis added). By its terms, if a debtor fails to pay "any fees or charges required under chapter 123 of title 28," the court "may dismiss" the petition "only after notice and a hearing and only for cause . . . ." Id.

In Law v. Siegel, the Supreme Court squarely addressed what authority is granted to a bankruptcy court by § 105(a), and what is not:

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions. We have long held that

- 4 -

> "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code.

Law, 134 S. Ct. at 1194–95 (internal citations omitted). Thus, the Bankruptcy Court's dismissal of Young's petition was unauthorized "if it contravened a specific provision of the Code." Id. at 1195.

Unlike the factual situations at issue in both In re Wheeler and In re Keebler—as well as all the other cases cited by Appellee—the precise issue before the Bankruptcy Court is contemplated and addressed by the Bankruptcy Code. By its terms, § 707(a) requires "notice and a hearing" before a case is dismissed for "nonpayment of any fees or charges required under chapter 123 of title 28."[2] Therefore, even conceding that § 105(a) permits *sua sponte* dismissals without notice and a hearing, a contrary, statutory mandate *compels* a hearing in Young's exact scenario. The "general permission" found in § 105(a) must yield to the "specific prohibition" found in § 707(a). See Law, 134 S. Ct. at 1194–95. As such, the Bankruptcy Court's failure to conduct a hearing prior to dismissing Young's petition was in error.

At oral argument, Appellee asserted an argument not contained in its brief. Appellee asserts that the Bankruptcy Code permits an act to be performed without notice and a hearing when the Bankruptcy Code requires notice and a hearing. To be fair to Appellee's rather backwards-sounding position, it is correct in theory:

> In this title—
> (1) "after notice and a hearing," or a similar phrase—
>     (a) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

---

[2] Neither party addresses this, but the $75 administrative notice fee that Young failed to pay is such a fee. See United States Courts, "Bankruptcy Court Miscellaneous Fee Schedule," available at http://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule (last accessed Sept. 28, 2016).

> (b) authorizes an act without an actual hearing if such notice is properly given and if—
> (i) such a hearing is not requested timely by a party in interest; or
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . .

11 U.S.C. § 102 (2016). In application to the present facts, however, *actual* notice and a hearing were required.

The Bankruptcy Court's "compliance order" was insufficient to satisfy the notice requirement of § 707(a), regardless of the authority contemplated by § 102. In 2002, the Southern District of New York adequately explained the problem with a bankruptcy court's *sua sponte* dismissal without adequate notice and a hearing:

> In this case, the Bankruptcy Court did not provide the debtors with a meaningful opportunity to be heard with respect to the impending dismissal. There was no motion for dismissal, as required by Bankruptcy Rules 1017[3] and 9014[4]. The court did not inform the *pro se* debtors that a hearing regarding whether dismissal would be a sanction appropriate for failure to pay the monetary sanctions might be available or identify for them the Code provision under which the action would be dismissed. Rather, it treated as a foregone conclusion that failure to obey its order, regardless of the reasons, would result in dismissal.

In re Bucurescu, 282 B.R. 124, 132 (S.D.N.Y. 2002). The same is true here. Although the Bankruptcy Court's "compliance order" mentioned the case "may" be dismissed without further notice, it did not inform Young that he could request a hearing, and it did not inform Young of the power the Bankruptcy Court was utilizing to dismiss his case, on its own, without a motion,

---

[3] Rule 1017 states, in relevant part: "If any installment of the filing fee has not been paid, the court may, after a hearing on notice to the debtor and the trustee, dismiss the case." Fed. R. Bankr. P. 1017(b)(1).

[4] Rule 9014 states, in relevant part: "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise." Fed. R. Bankr. P. 9014(a).

without a hearing, and without further notice. Once the fourteen-day period expired, the Bankruptcy Court immediately dismissed his case.

When contemplating a dismissal under § 707(a), a "key aspect of [the] inquiry" into whether notice was sufficient is "'whether notice was given in time for the aggrieved party to take meaningful action in response to the impending deprivation of rights.'" Id. (quoting In re Dinova, 212 B.R. 437, 443 (B.A.P. 2d Cir. 1997)). I cannot agree that the immediate dismissal of Young's petition afforded him the "time . . . to take meaningful action . . . ." In re Dinova, 212 B.R. at 443. In fact, Young attempted to avoid dismissal; he filed a motion for extension of time to file case opening documents (ECF No. 4, pg. 73). Clearly he desired an opportunity to correct deficiencies to avoid dismissal. The Bankruptcy Court erred in short-circuiting Young's right to notice and a hearing "in the[se] particular circumstances."

On brief, Appellee argued that Young's petition was dismissed for "several deficiencies," and therefore § 105(a) permitted *sua sponte* dismissal. That argument is belied by the Bankruptcy Court's own Orders. The "compliance order" on which Appellee relies only recounts one deficiency—the unpaid administrative notice fee. (See ECF No. 4, pg. 60.) Likewise, although the dismissal order pays lip service to "other filing deficiencies" (see ECF No. 4, pg. 160), no such deficiencies are noted. Thus, it is apparent that the Bankruptcy Court dismissed Young's petition solely for failing to pay the administrative notice fee. In such a scenario, the Bankruptcy Court was obliged to afford Young both notice and a hearing.

Because the Bankruptcy Court wrongfully dismissed Young's petition without a hearing, it follows that the subsequent bar to filing is premature. While it is true that a Bankruptcy Court is empowered to impose such a ban, see, e.g., Jolly v. Great Western Bank, 143 B.R. 383, 387 (E.D. Va. 1992), it may only impose such a ban following a valid dismissal. Cf. 11 U.S.C.

§ 349(a) (2016); <u>Haynes v. Stephenson</u>, No. 3:14-cv-352, 2015 WL 687133, at *6 (D.S.C. Feb. 18, 2015) (discussing "dismiss[ing] bankruptcy cases with an injunction against re-filing"). Because the dismissal of Young's petition was premature, the pre-filing injunction must also be vacated.

## IV.   CONCLUSION

Because the Bankruptcy Code expressly requires "notice and a hearing" before dismissing a petition for "nonpayment of any fees," the Bankruptcy Court overstepped the authority granted to it by 11 U.S.C. § 105(a) when it dismissed Young's petition *sua sponte* and without a hearing. The notice was insufficient and, "in the particular circumstances" of this case, 11 U.S.C. § 105(a), a hearing was required. The dismissal order of the bankruptcy will be vacated, and this matter will be remanded back to the Bankruptcy Court for further proceedings.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Young and all counsel of record.

Entered this 29th day of September, 2016.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE

- 8 -

Case 4:16-cv-00016-JLK   Document 15   Filed 09/29/16   Page 8 of 8   Pageid#: 363